## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In Re:* **S.S., D.S., and R.S. Jr.**

**No. 12-1037** (Gilmer County 12-JA-09, 10 & 11)

**FILED**

February 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father filed this appeal, by counsel David Karickhoff, from the Circuit Court of Gilmer County, which terminated his parental rights by order entered on August 20, 2012. The guardian ad litem for the children, Daniel K. Armstrong, has filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Lee Niezgoda, also filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2012, DHHR filed the petition in the instant case against Petitioner Father based on allegations of domestic violence. The petition alleged that Petitioner Father had a long history of abusing women, including the mother of youngest child S.S., and abusing these women in the presence of their children. At the adjudicatory hearing, the circuit court denied Petitioner Father a post-adjudicatory improvement period. After the case was heard for disposition in July of 2012, the circuit court terminated Petitioner Father's parental rights and denied post-termination visitation. Petitioner Father appeals this August 20, 2012, termination order.

On appeal, Petitioner Father argues that the circuit court erred in terminating his parental rights without an improvement period. He denies committing domestic violence against the mother and argues that he would comply with an improvement period as he loves his children and desires contact with them. In response, the guardian ad litem and DHHR argue that the circuit court did not err in terminating parental rights. Respondents highlight that Petitioner Father admitted to not having contact with the two older children, D.S. and R.S. Jr., since 2008, and that these children also reported that they were afraid of their father and did not want to be left alone with him. Moreover, Petitioner Father did not show that he would substantially comply with an improvement period, nor has he acknowledged his perpetration of domestic violence.

The Court has previously established the following standard of review:

1

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's termination of petitioner's parental rights without an improvement period. Under West Virginia Code § 49-6-12, circuit courts have the discretion to grant, deny, or terminate an improvement period. The Court finds that the circuit court was presented with sufficient evidence upon which it based findings that Petitioner Father would not have been able to substantially comply with an improvement period, that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings.

For the foregoing reasons, we affirm the circuit court's order terminating petitioner's parental rights to the subject children.

Affirmed.

**ISSUED:** February 11, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II